**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **Charles H. Rogers, Jr.,** | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:14-cv-01650 (APM) |
| **Amalgamated Transit Union Local 689,** *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.    INTRODUCTION**

A federal court cannot exercise jurisdiction over a defendant unless he is properly served under Federal Rule of Civil Procedure 4.  Plaintiff Charles H. Rogers, Jr., attempted to serve Defendant Amalgamated Transit Union, Local 689, AFL-CIO ("Local 689") via certified mail, but mistakenly sent the summons and complaint to the address of a related but different entity, Amalgamated Transit Union International.  Rogers' counsel later had a telephone conversation with Local 689's counsel, who purportedly confirmed "that process was properly served."  Local 689's counsel denies that he accepted service on his client's behalf.  Rogers made no other effort to perfect service.  The court is now called upon to decide the following:  (1) whether Rogers' service of Local 689 complied with Rule 4; (2) if not, whether Rogers has shown "good cause" to receive additional time for service as of right; and (3) if he has not demonstrated "good cause," whether the court should exercise its discretion and grant Rogers additional time for service.

The court finds that Rogers failed to comply with Rule 4 and that he has not shown good cause to extend the time for service as of right.  Nevertheless, the court will exercise its discretion

and afford Rogers an additional 14 days during which to perfect service on Local 689. The court thus denies Local 689's motion to dismiss and grants Rogers' motion to extend time.

## II.     BACKGROUND

Plaintiff Rogers initially filed his complaint in the District of Columbia Superior Court on August 28, 2014. Compl., ECF No. 1-4. Rogers, a bus driver, sued his former employer, Defendant Washington Metropolitan Transit Authority ("WMATA"), for wrongful termination. *Id.* at 6-7.[1] He also sued his union, Defendant Local 689, for allegedly breaching its duty of fair representation by negligently representing him in arbitration proceedings with WMATA. *Id.* at 7-10. The arbitration proceedings concluded with a decision on March 4, 2014, affirming Plaintiff's termination. *Id.* ¶ 30 & Ex.[2]

On the same date he filed his complaint, Rogers obtained a summons from the clerk of the Superior Court addressed to Local 689 at "5205 Wisconsin Ave NW Washington, DC 20016." ECF No. 1-5. D.C. Superior Court Rule of Civil Procedure 4(c)(3) permits service by certified mail. Five days later, on September 2, 2014, Rogers mailed a copy of the summons and complaint to "Amalgamated Transit Union Local 689 5205 Wisconsin Avenue NW Washington DC 20016." Pl.'s Mem. in Opp'n, ECF No. 5, Ex. at 2.

Sometime after September 2, 2015, Plaintiff's counsel, John Williams, had a telephone conversation with outside counsel for Local 689, Brian Connolly. The parties disagree as to what transpired on the call. According to Williams, Connolly confirmed that Local 689 was properly served process and that "Local 689 accepted service without any further action by Plaintiff." Pl.'s Mem. in Opp'n, ECF No. 5, at 1-2. Connolly disputes that version of events. In an affidavit

---

[1] Plaintiff's complaint does not spell out the causes of action against WMATA and Local 689. Based on the text of the complaint, the court has attempted to identify the claims asserted.
[2] Although the complaint states that the arbitration decision was issued on "March 4, 2013," Compl. ¶ 30, the actual decision, which is attached to the complaint, is dated March 4, 2014.

submitted in support of Local 689's motion to dismiss, Connolly recalled that this case was one of several discussed on the phone call and that he informed Williams that Local 689 "had not been served but rather Amalgamated Transit Union International had received service of process." Connolly Aff. ¶¶ 2-3, ECF No. 8.  Connolly provided Local 689's address to Williams "for purposes of serving process on the Local." *Id.*

Whatever may have transpired on the call, it is undisputed that Plaintiff's counsel did not try to serve Local 689 at the correct address.  Instead, on September 30, 2014, Plaintiff's counsel prepared an "Affidavit of Service by Certified/Registered Mail" in which he affirmed that he had mailed the complaint and summons to Local 689 by "registered/certified mail" and that the return receipt was signed by someone named "Clark," whom he identified as "Defendant's agent."  Ex. to Pl.'s Mem. in Opp'n, ECF No. 5-1, at 1 ("Affidavit").  Attached to the Affidavit was a copy of the returned certified mailing receipt.  *Id.* at 2.  Plaintiff's counsel also made the following notation by hand on the Affidavit:  "I confirmed with Defendant's attorney, Mr. Brian Connolly, Esq. that process was properly served."  *Id.* at 1.  The Superior Court docket indicates that Plaintiff filed the Affidavit on October 10, 2014.  *See* ECF No. 3, at 3.

Eight days earlier, on October 2, 2014, WMATA removed the case to this court.  Notice of Removal, ECF No. 1.  In its removal petition, WMATA attached the documents filed in Superior Court, including the summons issued to Local 689, which the petition referenced as "Summons (incorrectly addressed to Local 689)."  *Id.* at 1.  The removal petition also represented that "Counsel for Defendant Local 689 advises that Local 689 consents to this removal."  *Id.* at 2.

Less than three weeks later, on October 20, 2014, Local 689 moved in this court to dismiss on the ground that Rogers had failed to properly serve it with process.  Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 4-1, at 1.  Local 689 explained that its address was "2701 Whitney Place

3

in Forestville, Maryland," whereas process was served on Amalgamated Transit Union International at its offices "located at 5025 Wisconsin Avenue NW in Washington, DC." *Id.* at 5.

Plaintiff did not respond to the motion to dismiss for nearly four months. Only after the court entered a minute order directing Plaintiff to respond to the motion or risk having the complaint dismissed as to Local 689, *see* Minute Order, Feb. 4, 2015, did Plaintiff file an opposition on February 11, 2015. Plaintiff submitted no evidence with his opposition, except the above-referenced Affidavit and the accompanying certified mail receipt, which again showed that Plaintiff had served the wrong entity. *See generally*, Pl.'s Mem. in Opp'n.

On the same day that he filed his opposition, Plaintiff also filed a "Protective Motion for Extension of Time." ECF No. 6. In his motion, Plaintiff claimed that he had shown "good cause" for an extension of time under Rule 4(m). *Id.* ¶ 2. He also asked the court to "grant a reasonable period of time to secure [a] waiver, or otherwise effect proper service." *Id.* ¶ 3. Local 689 did not respond to Plaintiff's motion.

### III. DISCUSSION

#### A. Whether Rogers Complied with Rule 4

The first issue before the court is whether Rogers' efforts to serve and confirm service satisfied the requirements of Rule 4. The answer is "no."

When the propriety of service is challenged, "[b]y the plain text of Rule 4, the plaintiff has the burden to 'demonstrate that the procedure employed to deliver the papers satisfies the requirement of the relevant portions of Rule 4.'" *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (citation omitted). The service requirement is not simply a matter of providing notice. "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,

526 U.S 344, 350 (1999). Absent proper service, "federal courts lack the power to assert personal jurisdiction over a defendant." *Mann*, 681 F.3d at 372. "Service is therefore not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit.'" *Id.* (citation omitted).

Rogers' effort to serve Local 689 by certified mail plainly failed because he sent the summons and complaint to the wrong entity—Amalgamated Transit Union International, not Local 689. About that there is no dispute. Rogers nevertheless contends that he complied with Rule 4, because Local 689's counsel waived service under Rule 4(d). Pl.'s Mem. in Opp'n ¶ 5. The record, however, does not support a waiver of service.

Rule 4(d) "requires the plaintiff to make an unequivocal request for a waiver in writing, the defendant to return the waiver form within a reasonable time, and the plaintiff to file the waiver." *Mann*, 681 F.3d at 373. Plaintiff failed to satisfy any of those requirements. For that reason alone, the court finds that he has not shown waiver. As evidence that Local 689 waived service, Plaintiff cites a telephone conversation he had with Local 689's counsel during which counsel purportedly "confirmed . . . that process was properly served," Affidavit at 1, and "accepted service without any further action by Plaintiff," Pl.'s Mem. in Opp'n ¶ 1. There is a factual dispute about whether Local 689's counsel waived service. *See* Connolly Aff. ¶ 3. But the court need not resolve it. Rogers bears the burden of demonstrating waiver, and he has failed to meet it.

The D.C. Circuit faced a similar situation in *Mann*. The plaintiff in *Mann*, like Rogers here, had not satisfied the procedural requirements for establishing waiver under Rule 4(d) and relied instead on a statement in defendants' pleading that they had been "served." *Mann*, 681 F.3d at 373. The D.C. Circuit held that, even "[a]ssuming a waiver could be accomplished other than

5

as prescribed in Rule 4(d)," the plaintiff still failed to show a waiver of service. *Id.* The court pointed to defendants' motion to dismiss—specifically, its claim of improper service—as evidence that defendants had not waived service. *Id.* at 374. Similarly here, within days of the telephone call during which the purported waiver occurred, the removal petition stated that the summons to Local 689 was "incorrectly addressed to Local 689." Notice of Removal at 1. It said nothing about a waiver of service. *Id.* at 1-2. Weeks later, Local 689 filed its motion to dismiss, pointing out that Rogers had served the wrong entity. Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 4-1. Local 689 thus made timely objections to service in its pleadings. Like the motion to dismiss in *Mann*, those pleadings defeat Plaintiff's assertion that Local 689 waived service.

Plaintiff also argues that Local 689 waived its objection to service by consenting to removal to this court. Pl.'s Mem. in Opp'n ¶ 5. He is incorrect. A motion asserting a defense of insufficient service of process "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Unlike an answer or third-party complaint, a notice of removal does not address the allegations of the complaint; it is therefore not a responsive pleading. *See Mann*, 681 F.3d at 374. By consenting to removal, Local 689 did not waive its objection to improper service. *See* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1082 (3d ed.) ("A defendant does not waive objections to personal jurisdiction or service of process by removing the action to a federal court.").[3]

---

[3] If the adequacy of the waiver was evaluated under District of Columbia law because the alleged waiver occurred pre-removal, *see* Wright & Miller, *supra*, § 1082 ("In determining the validity of service in the state court prior to removal, a federal court must apply the law of the state under which the service was made"), the result would be the same. District of Columbia Superior Court Rule of Civil Procedure 4, unlike its federal analog, does not contain a waiver provision. *See* D.C. Super. Ct. R. Civ. P. 4(m), comment (stating that "Federal Rule 4(m), which allows 120 days to effect service or obtain a *waiver thereof*, has been replaced entirely with the language previously contained in Superior Court Rule 4(j)" which does not contain a provision for waiver) (emphasis added). Plaintiff therefore could not accomplish the Superior Court's service requirements by obtaining a waiver. Even if waiver was permitted under the Superior Court rules, Plaintiff has failed to demonstrate that Local 689 waived service.

B.   Whether Rogers Has Shown "Good Cause" to Extend Time for Service

Having concluded that Rogers did not comply with Rule 4, the next question is whether Rogers has shown "good cause" to receive an extension of time to complete service as a matter of right. Again, the answer is "no."

Rule 4(m) sets a 120-day time period in which to complete service after the complaint is filed. Fed. R. Civ. P. 4(m). A court, however, "must extend" the 120-day deadline for service "if the plaintiff shows good cause for the failure" to timely serve. *Id.* "Good cause exists 'when some outside factor . . . rather than inadvertence or negligence, prevented service.'" *Mann*, 681 F.3d at 374 (citation omitted). Plaintiff bears a "heavy burden" in showing good cause. *Battle v. District of Columbia*, 21 F. Supp. 3d 42, 45 (D.D.C. 2014). "Mistake of counsel or ignorance of the rules of procedure usually does not suffice." *Id.* (citation omitted) (internal quotation marks omitted). "In sum, '[g]ood cause means a valid reason for delay.'" *Mann*, 681 F.3d at 375 (citation omitted).

Rogers has failed to show good cause. Rogers knew at least as of September 30, 2014, a month after filing the complaint—when he spoke to Local 689's counsel on the phone—that he had mailed the summons and complaint to the wrong address. Even if he came away from the call thinking that Local 689's counsel had waived service, WMATA's removal petition filed on October 2, 2014—which referenced the Superior Court summons as "incorrectly addressed to Local 689"—should have put him on notice that Local 689 thought otherwise. Any remaining doubt about Local 689's position on service should have been resolved on October 20, 2014, when it filed its motion to dismiss citing lack of service. Yet, Rogers did nothing to perfect service thereafter. *See* Wright & Miller, *supra*, § 1082 ("[A] defect in service that occurs prior to removal can be cured after removal by the federal court issuing new process or by an amendment of the original process."). Rule 4(m)'s 120-day period for service commenced on the date of removal,

giving Rogers ample time to effect proper service after the motion to dismiss was filed. *See, e.g.*, *G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F. Supp. 2d 99, 102 (E.D.N.Y. 1999) (holding that plaintiff had 120 days from the date of removal to serve his complaint); *Eccles v. Nat'l Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998) ("Rule 4(m)'s 120-day period for service begins to run on the date of removal."); 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (4th ed.) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court[.]"). Because a plaintiff must show he exercised some diligence to establish good cause, *Prunte v. Universal Music Grp.*, 248 F.R.D. 335, 338-39 (D.D.C. 2008), and because Rogers exercised no diligence in curing his initial failure of service, he has not established good cause to extend the time for service.

Plaintiff's overall lack of diligence is underscored by his failure to respond to Local 689's motion to dismiss until the court ordered him to do so three months later. *See* Minute Order, Feb.4, 2015. A plaintiff who wholly ignores a motion to dismiss until ordered to respond is hard pressed to demonstrate "good cause" under Rule 4(m).

  **C.**  **Whether the Court in Its Discretion Should Grant an Extension of Time**

The final question is, notwithstanding Plaintiff's failure to comply with Rule 4 or to show good cause, should the Court exercise its discretion and grant Plaintiff additional time to serve Local 689? The court reluctantly answers that question "yes."

"The Advisory Committee note for Rule 4(m) instructs that [a] district court has discretion to extend time for effecting and filing proof of service even if the plaintiff fails to show 'good cause.'" *Mann*, 681 F.3d at 375 (citation omitted). The D.C. Circuit has observed that "dismissal of a case pursuant to Rule 4(m) is appropriate when the plaintiff's failure to effect proper service

is the result of inadvertence, oversight, or neglect, and dismissal leaves the plaintiff 'in the same position as if the action had never been filed.'" *Id.* (citations omitted). Courts in this jurisdiction have looked to a number of factors in deciding whether to extend time, including: (1) the time since the filing of plaintiff's complaint; (2) whether the plaintiff made a good-faith effort to serve defendant; (3) whether the statute of limitations would bar re-filing the action; (4) whether dismissal without prejudice would in fact prejudice the plaintiff; (5) whether the defendant had actual notice of the lawsuit; (6) whether the defendant attempted to evade service; and (7) whether the defendant would be prejudiced by an extension of time. *Battle*, 21 F. Supp. 3d at 47 (citations omitted).[4]

This court's evaluation boils down to three key factors: the plaintiff's amount of diligence in effecting service; the prejudice the plaintiff would suffer from a dismissal; and the prejudice the defendant would suffer from permitting an extension of time. Here, Plaintiff's utter lack of diligence weighs in favor of dismissing his claim against Local 689. *See Mann*, 681 F.3d at 376; *Battle*, 21 F. Supp. 3d at 47.

But a dismissal, even without prejudice, would cause Plaintiff substantial harm, because his claim against Local 689 would become time barred. Plaintiff's sole claim against Local 689 is for breach of duty of fair representation. Compl. at 7-10. Such claims are governed by a short, six-month limitations period. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169-70 (1983). "[O]nce a suit is dismissed, even if without prejudice, the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing." *Ciralsky v. CIA*, 355 F.3d 661, 672

---

[4] It remains an open question in this jurisdiction whether a court must apply Rule 6(b)'s "excusable neglect" standard when deciding whether to extend time under Rule 4(m). *See Mann*, 681 F.3d at 376. For the reasons stated by the court in *Battle*, 21 F. Supp. 3d at 46 n.5, the court does not apply the "excusable neglect" standard here and considers instead the above-listed equitable factors.

(D.C. Cir. 2004) (citation omitted) (internal quotation marks omitted). A dismissal without prejudice here would be tantamount to dismissal with prejudice. The six-month limitations has expired—the statute of limitations began running no later than March 4, 2014, the date of the arbitrator's ruling sustaining Plaintiff's termination. Because dismissal would inflict substantial harm on Plaintiff, that factor weighs in favor of an extension of time. *See Battle*, 21 F. Supp. 3d at 47-48; *cf. Mann*, 681 F.3d at 376 (affirming dismissal where "plaintiffs had failed to provide enough information to gauge the legitimacy of their concern that they would be unable to refile their complaint if it were dismissed.").

As for prejudice to defendant, Local 689 has identified none, other than having to defend against the suit. It has not, for instance, identified any witness or evidence that is unavailable because ineffectual service has delayed the start of the case. Local 689's counsel has known about the suit since near its inception. And the passage of time beyond the 120 days allowed under Rule 4(m) is not that great—about a month and a half. The 120-day period under Rule 4(m), starting from the date of removal, October 2, 2014, expired on January 30, 2015. Plaintiff filed his "protective motion" for extension of time only 12 days later on February 11, 2015, albeit at the court's prompting. *See* Protective Mot. For Extension of Time.

On balance, because of the substantial prejudice Plaintiff will suffer if this case is dismissed, and because the prejudice to Local 689 will be minimal if an extension is granted, the court will exercise its discretion and allow Plaintiff another 14 days from this date in which to effect service under Rule 4 and file proof of service. Failure to do so shall result in dismissal of the complaint against Local 689. Like the result in *Battle*, the outcome here "comports with this Circuit's strong preference in 'favor of resolution of genuine disputes on their merits.'" *Battle*, 21 F. Supp. 3d at 48 (citation omitted).

IV. **CONCLUSION AND ORDER**

For the foregoing reasons, Defendant Local 689's Motion to Dismiss is denied, and Plaintiff's Protective Motion for Extension of Time is granted. Plaintiff shall serve and file proof of service no later than 14 days from this date or risk dismissal of the complaint against Local 689.

Dated: March 23, 2015

Amit P. Mehta
United States District Judge