**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Charles H. Rogers, Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil No. 1:14-cv-01650 (APM) |
| ) | |
| **Amalgamated Transit Union Local 689,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Defendant Amalgamated Transit Union, Local 689, AFL-CIO ("Local 689") moves to dismiss Plaintiff Charles Rogers' Complaint for a second time. The court denied Local 689's first motion to dismiss, when it extended the time for service and relieved Rogers of his failure to properly serve the union within 120 days, as required under Federal Rule of Civil Procedure 4. With Rogers now having perfected service, Local 689 tries a different tact, arguing that Plaintiff's sole claim against it for breach of duty of fair representation is barred by the six-month statute of limitations. Local 689 argues that the limitations period that tolled when Rogers filed his lawsuit began to run again after the 120-day service period expired without service of the complaint. Because Rogers' proper service came more than six months after his claim began to accrue, Local 689 asserts that his claim is barred by the statute of limitations.

The court disagrees. The tolling of the limitations period that occurred when Rogers filed suit remained in effect during the additional time the court granted Rogers to perfect service. Thus, because Rogers filed suit within the six-month limitations period and completed service within the

additional time afforded by the court, his claim is not time barred. Local 689's second motion to dismiss is therefore denied.

## II. BACKGROUND

A full recitation of the background facts is set forth in *Rogers v. Amalgamated Transit Union Local 689*, __ F. Supp. 3d __, 14-cv-1650, 2015 WL 1323348, at *1-2 (D.D.C. Mar. 23, 2015). The court, therefore, provides only an abbreviated version here. On August 28, 2014, Rogers filed his complaint in the District of Columbia Superior Court, alleging that his union, Local 689, breached its duty to fairly represent him during an arbitration with his employer, the Washington Metropolitan Transit Authority ("WMATA"). Rogers filed his suit within six months of the arbitration panel's adverse decision, which gave rise to his claim against Local 689. After WMATA removed the case to this court, *see* Notice of Removal, ECF No. 1, Local 689 moved to dismiss on the ground that Rogers had failed to serve it with process and instead had served a related entity with a different address.

On March 23, 2015, this court denied Local 689's motion to dismiss. *See Rogers*, 2015 WL 1323348, at *1. It ruled that Rogers had failed to serve the complaint within the 120 days allowed under Rule 4 and had not shown good cause to warrant his motion to extend time. *Id.* at *2-4. The court nevertheless exercised its discretion under Rule 4 and afforded Rogers an additional 14 days to serve the complaint, largely because dismissal of the complaint would have resulted in Rogers' claim becoming barred by the applicable six-month limitations period. *Id.* at *5-6. Four days later, on March 27, 2015, Rogers successfully served Defendant Local 689. Def. Local 689's Mem. In Supp. Of Mot. To Dismiss (Def.'s Mem.) at 7, ECF No. 15-1.

## III.     DISCUSSION

Local 689 argues that, notwithstanding Rogers' completion of service within the extra time granted by the court, his claim is time-barred because he did not complete service within the six-month limitations period.  Local 689 acknowledges that Rogers timely filed suit within the limitations period and that, upon the suit's filing, the limitations period stopped running.  But it argues that, when Rogers failed to complete service within the 120 days allowed under Rule 4, the limitations period restarted.  Because Rogers served Local 689 after the six-month limitations period had run, Local 689 argues that his claim is time-barred.

Though the court shares Local 689's frustration with Plaintiff's lack of diligence in service, its argument here misconstrues the law.  Local 689 is correct that a suit cannot escape a limitations bar simply by its filing.  "Suits commenced in accordance with Rule 3 or a federal statute still risk dismissal if process is not served within 120 days of filing or an extension of time for doing so is not secured from the court."  4 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1056 (3d ed. 2002).  A plaintiff may seek to extend the 120-day period in which to effect service by showing good cause or appealing to the court's discretion under Rule 4(m).  *Id.*  This court extended Rogers' time to serve Local 689 under Rule 4(m).

The question here then is whether the limitations period remained tolled during the extra time that the court afforded Rogers to complete service.  It did.  Though our Court of Appeals appears not have addressed this issue, the Ninth Circuit Court of Appeals did so in *Mann v. American Airlines*, 324 F.3d 1088 (9th Cir. 2003).  In *Mann*, as here, the plaintiff had failed to serve his complaint within 120 days but received additional time under Rule 4(m) to complete service.  Though he served the complaint during the extra time, the trial court nevertheless dismissed his complaint as time barred, based on the apparent belief that the statute of limitations

began to run again when the 120 days expired. *See id.* at 1090-91. The Ninth Circuit reversed, holding that "the failure to serve process within Rule 4(m)'s 120-day period does not affect the tolling of the statute of limitations unless the failure to serve process causes the district court to dismiss the action." *Id.* at 1091. "Once a complaint is filed, the statute of limitations is tolled unless and until the district court dismisses the action." *Id.* at 1090.

The decision in *Mann* is consistent with the discretion afforded courts to extend time to serve under Rule 4(m). The advisory committee notes contemplate that a district court may exercise its discretion to avoid the harsh consequence of dismissal arising from an expired limitations period: "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action." Fed. R. Civ. P. 4 advisory committee's note (1993 Amendments, Subdivision (m)); *see also Battle v. District of Columbia*, 21 F. Supp. 3d 42, 46 (D.D.C. 2014) (identifying as a factor in deciding whether to grant additional time to serve under Rule 4(m) "whether the statute of limitations would bar a re-filed action"). The rule that Local 689 advocates—that the limitations period starts to run after expiration of the 120 days even when the court extends the time for service—in many instances would nullify the very discretion Rule 4(m) gives to courts. Often, plaintiffs do not file until the eve of the statue of limitations' expiration. If such a plaintiff, for whatever reason, does not complete service within 120 days, the expiration of the limitations period effectively would divest the court of its discretion to extend time under Rule 4(m). That is precisely the opposite of how the advisory committee contemplated the rule's operation.

The case relied upon by Local 689, *Rudder v. Williams*, 47 F. Supp. 3d 47 (D.D.C. 2014), is readily distinguishable. There, the plaintiffs failed to serve their timely filed initial complaint on a defendant, but years later served an amended complaint on the defendant after the limitations

period had expired. Plaintiffs argued that their initial, never-served complaint tolled the statute of limitations. *Id.* at 52. The court ruled that the mere filing of a complaint does not indefinitely toll the limitations period and dismissed the amended complaint as barred by the statute of limitations. *Id.* ("[I]t cannot be—and is not—the rule that a never-served complaint tolls a statute of limitations beyond the time allotted by Rule 4(m) for service."). In so ruling, the court distinguished its case from those in which late service under Rule 4(m) would *not* result in dismissal even if the limitations period had run: "The cases plaintiffs cite in support of their position involve situations where a complaint was filed within the statute of limitations period and served after the limitations period would have run, but within the time period allowed (either by statute or *by the court*) for service." *Id.* at 51-52 (emphasis added) (citations omitted). That is precisely the situation here. Plaintiff filed his complaint within the statute of limitations period, and although service occurred after the limitations period would have run, the statute remained tolled because the court had extended the time to complete service. *Rudder* therefore is a different case.

Applying the correct rule here makes the court's task an easy one. The statute of limitations on Rogers' claim began to run on March 4, 2014, the date of the adverse arbitration ruling, and was tolled on August 28, 2014, when Plaintiff filed his complaint in Superior Court—a total of 177 days. The statute of limitations remained tolled during the 120-day period prescribed by Rule 4. *See Mann*, 324 F.3d at 1090. That 120-day period began running on October 2, 2014, the date the case was removed to this court. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 n.3 (4th ed. 2015) (citing cases). Even though Rogers failed to serve the complaint within the 120-day period, the court exercised its discretion under Rule 4(m) and granted Plaintiff additional time to serve Local 689. The statute of limitations remained tolled during this time. *See Mann*, 324 F.3d at 1090. Because Rogers completed service while the statute

of limitations remained tolled, the six-month limitations period does not bar his suit against Local 689.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendant Local 689's Motion to Dismiss is denied.

Dated: July 21, 2015

Amit P. Mehta
United States District Judge