## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Charles H. Rogers, Jr.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil No. 1:14-cv-01650 (APM)** |
| ) | |
| **Amalgamated Transit Union Local 689,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles R. Rogers seeks reconsideration of the court's Order dated April 6, 2016, which awarded $490 to Defendant Amalgamated Transit Union Local 689 for expenses incurred as a result of Plaintiff's counsel's failure to attend a deposition that he had noticed.  *See* Pl.'s Mot. for Reconsideration [hereinafter Pl.'s Mot.], ECF No. 34; Order, ECF No. 33.  Because Plaintiff failed to file an opposition to Defendant's motion seeking an award of expenses, the court treated the motion as conceded, as permitted under Local Civil Rule 7(b), and granted the requested award. Order at 1.  Plaintiff now asks for reconsideration on the ground that "Local 689's Motion is patently false" and that "the undersigned never scheduled such deposition nor consented to it on that date or at any other time."  Pl.'s Mot., ECF No. 34, at 1.  Plaintiff's argument comes too late.

Because the Order awarding expenses did not constitute a final judgment, the court evaluates Plaintiff's Motion for Reconsideration under Federal Rule of Civil Procedure 54(b). *See Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) (citations omitted).  Rule 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities

of fewer than all of the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54.

In this jurisdiction, relief under Rule 54(b) may be granted "as justice requires."  *Cobell*, 355 F. Supp. 2d at 539 (citation and internal quotation marks omitted).  That abstract phrase has been understood to mean that a court will grant a motion to reconsider under Rule 54(b) "only when the movant demonstrates:  (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order."  *Zeigler v. Potter*, 555 F. Supp. 2d 126, 129 (D.D.C. 2008) (citation omitted).

Plaintiff has satisfied none of these grounds.  His Motion cites no law, let alone an intervening change in law.  He offers no "new" evidence, as all of the facts constituting his defense were available to him before the court entered its April 6, 2016, Order.  And he has not demonstrated clear error.  In granting the award for expenses, the court treated Defendant's motion as conceded, as permitted under Local Rules, because Plaintiff failed to respond to it.  *See Cohen v. Bd. of Trustees of the Univ. of District of Columbia*, No. 15-7005, 2016 WL 1612810, at * 3 (D.C. Cir. Apr. 22, 2016) (recognizing Local Civil Rule 7(b) as a docket-management tool).  In his Motion, Plaintiff only offers excuses for missing the deadline, *see* Pl.'s Mot. at 2-3; he does not contend that the court clearly erred in finding that he failed to oppose Defendant's motion for expenses.

To the extent that Plaintiff's Motion can be construed to request late-filing of his opposition, *see id.*, that request is denied.  Rule 6(b) allows courts to extend deadlines, even after the time to act has expired "if there is good cause and the party 'failed to act because of excusable neglect.'"  *Cohen*, 2016 WL 1612810, at *2 (quoting Fed. R. Civ. P. 6(b)(1)(B)).  The "excusable neglect" standard requires counsel to have "'some reasonable basis' for not meeting the filing

deadline." *Id.* (citation omitted).  Here, Plaintiff's counsel has offered none.  He claims that he was unable to respond to Defendant's motion because one of his large clients had a health emergency that required counsel's attention; because the motion "on its face" is "false and frivolous"; and because of the press of other client business "occasioned by the tax filing deadline of April 18, 2016."  Pl.'s Mot. at 2-3.  None of these is a "reasonable basis" for missing the filing deadline.  Indeed, it appears to the court that Plaintiff's counsel consciously ignored a known deadline for one client because he deemed business for other clients to be more pressing.  Such an excuse rises to neither good cause nor excusable neglect for missing a deadline.[1]

Finally, the court admonishes Plaintiff's counsel for the caustic and unprofessional rhetoric used throughout his pleadings.  He accuses opposing counsel of filing a "patently false" motion and "know[ing] it," Pl.'s Mot., at 1; "[lying] to this Court for money," Pl.'s Reply, ECF No. 38, at 1; exhibiting "duplicity toward this Court," *id.* at 3; and engaging in unethical behavior by double-billing clients, Pl.'s Mot. at 2.  Litigation can be a rough and tumble business.  It is not for the faint of heart.  But a lack of decorum and respect and casting unfounded aspersions on opposing counsel has no place in litigation, especially before this court.  Counsel would be well advised to tone down his rhetoric in future filings.

---

[1] The court also has considered the four factors set forth in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).  The third and fourth factors—(3) the reason for the delay and whether it was within counsel's reasonable control and (4) whether counsel acted in good faith—clearly weigh against Plaintiff.  Counsel does not claim that he was unaware of the deadline or missed it inadvertently.  He easily could have avoided missing the deadline by filing a motion for extension of time, but elected not to do so.  Additionally, this is not counsel's first missed deadline in this case.  Indeed, the court saved counsel from dismissal of this suit when he failed to timely respond to Defendant's Motion to Dismiss and to timely effect service.  *See* Order, ECF No. 7; Mem. Op. and Order, ECF No. 9.  Furthermore, as to the other two factors set forth in *Pioneer Investment Services*—(1) the risk of prejudice to the other side and (2) the length of the delay and the potential impact on judicial proceedings—although neither weighs heavily against allowing late-filing, the court concludes that the first and second factors are outweighed by the third and fourth, which militate strongly against granting an extension.

For the foregoing reasons, Plaintiff's Motion for Reconsideration is denied.


Dated:  May 4, 2016                                Amit P. Mehta
                                                   United States District Judge