UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Charles H. Rogers, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 14-cv-001650 (APM) |
| Washington Metropolitan Area Transit Authority, and | ) ) ) ) | |
| Local 689, Amalgamated Transit Union, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

This case is before the court on Defendant Washington Metropolitan Area Transit Authority's ("WMATA") and Defendant Local 689, Amalgamated Transit Union's ("Local 689") Motions for Summary Judgment. *See* ECF Nos. 41, 42. As required by Local Civil Rule 7(h)(1), with their Motions for Summary Judgment, both Defendants submitted statements of material facts as to which they assert there is no dispute. *See* ECF Nos. 41, 42-4. Plaintiff, however, did not file an Opposition to either Motion. Accordingly, as permitted by Federal Rule of Civil Procedure 56(e) and the law of this Circuit, see *Grimes v. District of Columbia*, 794 F.3d 83, 92 (D.C. Cir. 2015), the court will treat the facts presented by Defendants as conceded. Still, despite treating these facts as conceded, the court must determine whether Defendants have carried their burden to warrant granting summary judgment in their favor. *See id.* at 97 (Griffith, J., concurring). The court will turn to that inquiry, after first briefly recounting the uncontested facts.

## II.     FACTUAL BACKGROUND

Plaintiff Charles H. Rogers, Jr., brought this action alleging that (1) he was improperly terminated from his position as a bus driver at WMATA in violation of the applicable Collective Bargaining Agreement ("CBA"), and (2) denied fair representation by his union, Local 689, during subsequent arbitration proceedings in which he challenged his termination.  *See* Compl., ECF No. 1, ¶¶ 42-45.

WMATA hired Plaintiff as a bus driver in March 2010.  Def.'s Mot. for Summ. J., ECF No. 42 [hereinafter Def. WMATA's Mot.], Def. WMATA's Stmt. of Mat. Facts, Ex. 4, ECF No. 42-4 [hereinafter Def. WMATA's Stmt.], ¶ 1.  In August 2010, Plaintiff was arrested in Washington, D.C., for sexual solicitation.  *Id.* ¶ 2.  Almost three years later, in April 2013, WMATA received an anonymous tip that Plaintiff was driving with a suspended driver's license.  Def. WMATA's Mot., Ex. 5, Aff. of Jewel Bell, ECF No. 42-5, Memo. of Dismissal [hereinafter Dismissal Memo.], at 3.  A subsequent investigation revealed that the anonymous tip was accurate, and that while Plaintiff held a valid District of Columbia commercial driver's license ("CDL"), he had (1) a suspended CDL in Prince George's County, Maryland, (2) seven open motor vehicle cases, and (3) three upcoming trial dates relating to those cases.  *Id.*  Plaintiff admitted that he had not reported at least some of these incidents to WMATA, as he was required to do.  *Id.* at 4.  WMATA then terminated Plaintiff's employment in May 2013 for, among other reasons, "deliberately operating on a suspended license, failing to report these incidents to WMATA Management, placing yourself, our passengers and the general public in potential harm, while continuing to defraud WMATA."  *Id.* at 8.

Plaintiff filed a grievance regarding his termination on May 10, 2013.  Def. WMATA's Mot., Ex. 2, Arbitration Board Decision, ECF No. 42-2 [hereinafter Board Decision], at 6.  His

grievance proceeded to arbitration.  On March 4, 2014, the Arbitration Board issued its decision, finding that WMATA had "produced persuasive evidence that [Plaintiff], as charged, committed two distinct dischargeable offenses, and there is insufficient basis on this record to disturb [WMATA's] determination to dismiss [Plaintiff]." *Id.* at 12.

On August 28, 2014, Plaintiff filed a complaint in D.C. Superior Court.  *See* Compl., ECF No. 1-4.  The case was removed to this court on October 2, 2014, *see* Notice of Removal, ECF No. 1.  Defendants filed their Motions for Summary Judgment on June 29, 2016.  *See* ECF Nos. 41-42.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that a court should grant summary judgment if "there is no genuine dispute as to any material fact and [the moving party] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A material fact is one that is capable of affecting the outcome of litigation.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion" and identifying those portions of the record that it believes "demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  If the non-moving party does not oppose summary judgment, then the facts put forward by the moving party may be treated as conceded, but the burden still remains on the moving party "to demonstrate why summary judgment is warranted."  *Grimes*, 794 F.3d at 96-97 (Griffith, J., concurring).

## IV.  DISCUSSION

Plaintiff alleges that (1) WMATA breached the CBA when it terminated Plaintiff's employment, and (2) Local 689 breached its duty of fair representation during the subsequent arbitration proceedings.  Plaintiff's dual claims amount to what is known as a "hybrid" action.  *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983) (describing a "hybrid" action as involving two claims—one against an employer alleging a breach of the collective bargaining agreement and one against the union for breach of the union's duty of fair representation—that "are inextricably interdependent").  In order to prove a hybrid breach of contract/breach of duty of fair representation case against Defendants, Plaintiff must prove both that (1) Local 689 breached its duty of fair representation, and (2) WMATA breached the CBA.  *See Cephas v. MVM, Inc.*, 520 F.3d 480, 485 (D.C. Cir. 2008).

Here, the court need not decide whether Local 689 provided Plaintiff with deficient representation, because the uncontested factual record shows that WMATA's termination of Plaintiff did not breach the CBA.  WMATA fired Plaintiff because he violated WMATA policies.  Specifically, he was operating a bus with a suspended CDL and had failed to report to his supervisors the fact of his CDL's suspension, as well as multiple open traffic cases and upcoming trial dates in those matters.  Dismissal Memo at 8.  Plaintiff was required to report to his manager within 24 hours any "lost, suspension, cancellation or disqualification of [his] driver's permit/license" and report "immediately" any "pending litigation which could affect [his] license status."  Board Decision at 3.  Yet, as a WMATA investigation uncovered, Plaintiff failed to report various driving infractions, impending court dates, and a suspended Maryland CDL.  Dismissal Memo. at 3.  At a meeting with a WMATA official on April 29, 2013, Plaintiff confirmed in writing his failure to report at least some of those infractions.  *Id*. at 4.

4

WMATA's termination of Plaintiff also was upheld following arbitration proceedings. Plaintiff grieved his termination, and an arbitrator found that Plaintiff "on multiple occasions" violated WMATA regulations "by failing to report the suspension of his driver's license and pending litigation that could affect his license status, and also violated [WMATA regulations] by failing to report his arrest and subsequent conviction for Sexual Solicitation." Board Decision at 8-9. Such failures to report, the arbitrator found, "have been treated by [WMATA] as terminable and there [wa]s no showing that the rule [wa]s enforced inconsistently or that [Plaintiff's] termination on that basis [wa]s otherwise discriminatory. *Id*. at 9. Finally, the arbitrator found that there was no evidence mitigating Plaintiff's offense. *Id*.

The court finds unequivocally that the factual record shows that WMATA had valid grounds to terminate Plaintiff due to his failure to report a suspended CDL, numerous traffic violations, pending trial dates concerning his driving infractions, and a conviction for sexual solicitation, all in violation of WMATA policy. Plaintiff has not offered any facts that would create a genuine dispute of material fact about the propriety of WMATA's termination decision. Accordingly, the court finds that Defendants have carried their burden and grants their Motions for Summary Judgment.

\*\*\*

Before concluding, the court acknowledges that when, as here, a non-movant has "fail[ed] to properly address another party's assertion of fact," Rule 56(e)(1) grants the court discretion to "give [the non-movant] an opportunity to properly support or address the fact." Fed. R. Civ. P. 56(e). The Advisory Committee Note to Rule 56(e) states that "[i]n many circumstances this opportunity will be the court's preferred first step." Fed. R. Civ. P. 56(e) Advisory Committee

Note to the 2010 Amendment; *see also Grimes*, 794 F.3d at 92 (citing Fed. R. Civ. P. 56(e) Advisory Committee's Note to the 2010 Amendment).

The court here, however, declines to grant Plaintiff such opportunity. Plaintiff's counsel has shown a remarkable lack of diligence in prosecuting this matter since its inception. At the start of the case, Plaintiff's counsel failed to respond to Local 689's motion to dismiss, and only opposed the motion after the court warned him that the case might be dismissed if he did not file a response. *See* Minute Order, Feb. 4, 2015. Then, after discovery commenced, Plaintiff's counsel yet again failed to a respond to a defense motion. When Plaintiff's counsel did not appear for a deposition that he had noticed of a union official, Local 689 sought an award of expenses. The court granted the award after Plaintiff's counsel failed to respond to Local 689's motion. *See* Order, ECF No. 33. Plaintiff's counsel also did little to prosecute this case during discovery. The court twice extended the discovery period, yet Plaintiff's counsel did not respond to Defendants' discovery requests and did not take any depositions. *See* Def. Local 689's Mot. for Summ. J, ECF No. 41, at 2-3. Plaintiff's counsel did seek to depose Local 689's witnesses *after* the initial discovery period had expired, but the court denied his request. *See* Minute Order, Apr. 21, 2016.

In short, had Plaintiff's counsel exhibited more diligence in prosecuting this matter, the court might have considered granting him the opportunity to respond to Defendants' motions for summary judgment. But he did not. The court, for that reason, decided to take the "less forgiving approach," *Grimes*, 794 F.3d at 92, and to treat the facts proffered by Defendants as conceded and to decide the motions without an opposition.

## V. CONCLUSION

For the foregoing reasons, the court grants Defendants' Motion for Summary Judgment. A separate order accompanies this Memorandum Opinion.

Dated: October 6, 2016

Amit P. Mehta
United States District Judge