# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
**Charles H. Rogers, Jr.,**                 )
                                            )
    **Plaintiff,**                            )
                                            )
    v.                                       )    Case No. 14-cv-01650 (APM)
                                            )
**Amalgamated Transit Union**               )
**Local 689, et al.,**                      )
                                            )
    **Defendants.**                           )
_____)

## MEMORANDUM OPINION AND ORDER

Presently before the court is a Motion for Attorney's Fees filed by Defendant Amalgamated Transit Union, Local 689. The court previously entered judgment in Defendant's favor on the merits of the parties' dispute after Plaintiff Charles H. Rogers, Jr. failed to respond to Defendant's Motion for Summary Judgment. *See* Mem. Op., ECF No. 43 [hereinafter S.J. Mem. Op.]; Order, ECF No. 44. Shortly thereafter, on October 19, 2016, Defendant moved for an award of attorney's fees and costs ("Motion"), asserting that such an award was warranted because the litigation was frivolous and conducted in bad faith. Def.'s Mot., ECF No. 45. Then, repeating a practice seen throughout this case, Plaintiff failed to timely respond. He did file an Opposition, but not until November 29, 2016, more than three weeks after the deadline to do so had passed. Pl.'s Opp'n, ECF No. 46. Because Plaintiff filed an untimely response, the court will treat Defendant's Motion as conceded and grant it.

Under the Local Rules, if a party fails to oppose a motion within the prescribed time of 14 days "the Court may treat the motion as conceded." LCvR 7(b). "This rule is not some obscure technicality; it is regularly enforced in this district," including with respect to motions for

attorney's fees. *See Robinson v. Ergo Solutions LLC*, 4 F. Supp. 3d 181, 187 (D.D.C. 2014) (applying Rule 7(b) to an unopposed motion for attorney's fees); *Barton-Smith v. District of Columbia*, No. 98-3026, 1999 WL 1442343, at *1 (D.D.C. June 1, 1999) (treating unopposed motion for attorney's fees as conceded).

Defendant's "motion for attorney's fees [is] a perfect candidate for enforcement of Local Rule 7(b)." *Robinson*, 4 F. Supp. 3d at 187. This is not the first time Plaintiff has missed a filing deadline. It is his fifth.[1] *See id.* (treating attorney's fees motion as conceded where the defendant "had already exhibited a pattern of intentionally ignoring [the plaintiff's] filings"). Moreover, when he filed his Opposition more than three weeks after the deadline, he offered no reason for its untimeliness. *See* Fed. R. Civ. P. 6(b)(1)(B) (requiring a party to show "excusable neglect" to warrant an extension of time after a deadline has passed). Finally, Plaintiff's untimely response came even after the court had observed that he had "shown a remarkable lack of diligence in prosecuting this matter since its inception." S.J. Mem. Op. at 6. Evidently, the court's words and admonishments had no impact. He apparently believes that deadlines are merely advisory and that he can file a response whenever he pleases. To accept Plaintiff's late filing and not treat Local 689's Motion as conceded would only reward his impertinence.

The Court of Appeals' recent decision in *Winston & Strawn LLP v. McLean*, No. 14-7197, 2016 WL 7174125 (D.C. Cir. Dec. 9, 2016), does not compel a contrary result. That decision addressed the interplay between Federal Rule of Civil Procedure 56 and Local Civil Rule 7(b). *See id.* at *1. In *Winston & Strawn*, the court held that "a motion for summary judgment cannot

---

[1] Plaintiff twice missed deadlines to oppose Defendant's successive motions to dismiss, and he responded to those motions only after the court reminded him of the missed deadlines. *See* Minute Order, Feb. 4, 2015; Minute Order, May 11, 2015. Additionally, Plaintiff failed altogether to respond to a motion for sanctions, which Defendant filed after Plaintiff's counsel did not appear for a deposition that he had noticed. *See* Mot. for Expenses, ECF No. 32. The court treated the unopposed motion as conceded. Order, ECF No. 33. Last, Plaintiff did not respond to Defendant's Motion for Summary Judgment. *See* S.J. Mem. Op. at 1.

be 'conceded' for want of opposition" under Local Rule 7(b). *See id.* Such a practice, the court held, is inconsistent with Rule 56(a), which provides that a court may enter summary judgment only if there is no genuine dispute of material fact and the movant demonstrates that she is entitled to a judgment as a matter of law. *See id.* at *3. It also is inconsistent with Rule 56(e), which directs courts how to proceed if a party fails to address another party's assertion of facts, including "giv[ing] [the party] an opportunity to properly support or address the fact." *See id.* at *3; Fed. R. Civ. P. 56(e)(1). The Court of Appeals explained that Rule 56's "standards cannot be satisfied if, as allowed by Local Rule 7(b), the District Court simply grants judgment 'as conceded' when the nonmoving party fails to meet a deadline." *Id.*

*Winston & Strawn* does not preclude applying Local Rule 7(b) in this case for two reasons. First, that case is expressly limited to motions for summary judgment. The Court of Appeals made "clear that nothing in [its] opinion [was] meant to address the applicability of Local Rule 7(b) to motions other than motions for summary judgment." *Id.* at *4. Rule 56 is not at issue here.

Second, Rule 54(d)—the Rule that deals with attorney's fees and costs—does not impose the same kinds of stringent evidentiary and legal standards as Rule 56, which the court in *Winston & Strawn* found incompatible with Local Rule 7(b). To apply for attorney's fees, the prevailing party need only file a motion with the court within 14 days after entry of judgment that specifies the ground entitling the movant to an award, states the amount sought, and discloses, if the court so orders, any agreement about fees between lawyer and client. Fed. R. Civ. P. 54(d)(2). The process and standard for granting a petition for costs are even less demanding. The Rule provides that, unless a statute, rule or order provides otherwise, costs "should be allowed to the prevailing party" upon the filing of a notice with the clerk of the court. *See* Fed. R. Civ. P. 54(d)(1) ("The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may

3

review the clerk's action."). In short, unlike Rule 56, there is nothing in the text of Rule 54(d) that forecloses a court from applying Local Rule 7(b) to a motion for attorney's fees and costs and granting such motion "as conceded." *Winston & Strawn*, 2016 WL 7174125, at *4.[2]

\* \* \*

Although the court will grant Defendant's Motion, it is not prepared at this time to enter a final award on attorney's fees. "In the preparation of fee applications it is insufficient to provide the District Court with very broad summaries of work done and hours logged." *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982) (per curiam). "The better practice is to prepare detailed summaries based on contemporaneous time records indicating the work performed by each attorney for whom fees are sought." *Id*. "Very broad summaries," however, is all Defendant has provided to the court. In its Motion, Defendant provides a summary chart of the fees it incurred by month, plus a description of the month's work. *See* Def.'s Mot. at 12–13. The summary chart is not, however, "sufficiently detailed to permit the District Court to make an independent determination whether or not the hours claimed are justified." *Nat'l Ass'n of Concerned Veterans*, 675 F.2d at 1327. The chart does not, for example, specify the hours spent on a particular task or who performed that task. The court cannot determine at this time whether the charges are reasonable absent such detail.

Accordingly, within 14 days of this date Defendant shall submit "detailed summaries" of the work performed by its counsel "based on contemporaneous time records indicating the work performed by each attorney for whom fees are sought." *Id*. Any such detailed summary shall be accompanied by counsel's monthly invoices to Defendant. Any privileged portion of the monthly invoices may be redacted, with the unredacted invoice provided to the court in camera.

---

[2] Because the court has treated Defendant's Motion as conceded, it need not consider its contention that it should be awarded attorney's fees because Plaintiff filed a frivolous complaint and acted in bad faith. *See* Def.'s Mot. at 9–10.

For the foregoing reasons, Defendant's Motion for Attorney's Fees is granted. The court will enter a final fees and costs award after the court receives from Defendant a more detailed summary of and supporting documentation for the fees and costs incurred.

Dated: January 4, 2017

Amit P. Mehta
United States District Judge