# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHARLES H. ROGERS, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:14-cv-01650 (APM) |
| AMALGAMATED TRANSIT UNION, LOCAL 689, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

On January 4, 2017, the court issued a Memorandum Opinion and Order granting Defendant Amalgamated Transit Union, Local 689's Motion for Attorney's Fees ("Fees Motion"). Mem. Op. and Order, ECF No. 47 [hereinafter Fees Mem. Op.]. The court treated Local 689's Fees Motion as conceded under Local Civil Rule 7(b) after Plaintiff filed an untimely opposition ("Fees Opposition"). *See id.* at 1. As the court explained in its Memorandum Opinion:

> Defendant's "motion for attorney's fees [is] a perfect candidate for enforcement of Local Rule 7(b)." This is not the first time Plaintiff has missed a filing deadline. It is his fifth. Moreover, when he filed his Opposition more than three weeks after the deadline, he offered no reason for its untimeliness. Finally, Plaintiff's untimely response came even after the court had observed that he had "shown a remarkable lack of diligence in prosecuting this matter since its inception." Evidently, the court's words and admonishments had no impact. He apparently believes that deadlines are merely advisory and that he can file a response whenever he pleases. To accept Plaintiff's late filing and not treat Local 689's Motion as conceded would only reward his impertinence.

*Id.* at 2 (citations and footnote omitted). The court imposed the fees and costs award against Plaintiff's counsel, rather than against Plaintiff himself. Order, ECF No. 49 [hereinafter Fees Order], at 1–2.

Plaintiff's counsel now seeks to save himself from his own errors. He has filed a Motion to Extend Time to Oppose Local 689's Motion for Attorneys' Fees and Costs and a Motion for Reconsideration and to Relieve Plaintiff and Counsel from the Court's Orders.[1] *See* Pl.'s Mot. to Extend Time, ECF No. 50 [hereinafter Pl.'s Mot. to Extend Time]; Pl.'s Mot. for Recons., ECF No. 51 [hereinafter Pl.'s Mot. for Recons.]. Taken together, both motions seek to undo the court's award of attorney's fees and costs to Local 689.

Both motions are denied. The court, however, is compelled sua sponte to reduce the total fees and costs award. In its recent decision, *Goodyear Tire & Rubber Co. v. Haeger*, the Supreme Court held that a fees award issued pursuant to a court's inherent authority to sanction bad-faith conduct must be "limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." 581 U.S. ___, ___, 137 S. Ct. 1178, 1184 (2017). Accordingly, based on that standard and for the reasons detailed below, the court reduces the total fees and costs award from $16,490 to $7,341.35.

*Plaintiff's Motion to Extend Time*

The court denies Plaintiff's Motion to Extend Time because Plaintiff has failed to establish "excusable neglect" for untimely filing his Fees Opposition. After a party misses a filing deadline,

---

[1] Although Plaintiff has noticed an appeal from the court's Fees Order, *see* Notice of Appeal, ECF No. 53, the court has jurisdiction to decide Plaintiff's timely Motion for Reconsideration under Rule 60(b) of the Federal Rules of Civil Procedure. *See Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) ("[W]hen both a Rule 60(b) motion and an appeal are pending simultaneously, appellate review may continue uninterrupted. At the same time, the District Court may consider the 60(b) motion and, if the District Court indicates that it will grant relief, the appellant may move the appellate court for a remand in order that relief may be granted.").

2

a court may extend the time to file if there is good cause and "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" requires "some reasonable basis for not meeting a filing deadline." *Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 479 (D.C. Cir. 2016) (internal quotation marks omitted). Courts should consider four factors in determining whether a party has met the excusable neglect standard: "(1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993)). None of these factors favor granting Plaintiff's Motion to Extend Time.

Plaintiff's original deadline to respond to Local 689's fees motion was November 9, 2016. *See* Fees Mem. Op. at 1. Plaintiff's counsel belatedly filed his Fees Opposition on November 29, 2016. Pl.'s Opp'n, ECF No. 46. He did not, however, seek leave to late-file the Fees Opposition, and he did not otherwise explain why he had missed the deadline. *Id.*; Fees Mem. Op. at 1–2. Now, over three months later, Plaintiff's counsel offers an explanation: "I was too busy." Counsel explains that he was unable to timely file his Fees Opposition because of the burdens associated with an out-of-town litigation in which he served as trial counsel. *See* Pl.'s Mot. to Extend Time at 2–4. When that trial concluded in the third week of October 2016, Plaintiff's counsel claims he was "physically and mentally exhausted." *Id.* at 3. He now says he "do[es] not remember realizing in these times that my response to the [Fees] Motion was due in early November." *Id.* at 4. The court finds that explanation incredible. Plaintiff's counsel apparently was not so exhausted that he neglected his other commitments, just those he owed to this court. As he admits, during the post-trial period, he "worked exclusively on [ ] post-trial matters . . . [and] [caught] up with my other

3

professional commitments to other clients which the trial had deferred." *Id.* at 3–4. The sad, unvarnished truth is that Plaintiff's counsel missed this deadline for the same reason he repeatedly missed other deadlines in this case—he simply did not care enough to meet them. Had Plaintiff's counsel missed one, or even two deadlines, the court would have been more understanding. But he missed no less than five, *see* Fees Mem. Op. at 2 & n.1—a pattern which demonstrates a complete disregard for court deadlines, not excusable neglect. Pardoning counsel's conduct at this late date, some four months after his original opposition was due, would not only be unfair and prejudicial to Local 689, to whom the court already has awarded fees and costs, but also would send the wrong message to the lawyers who practice before this court. Deadlines are not meaningless. Lawyers cannot file pleadings when it is convenient for them to do so, and repeatedly missing deadlines will have consequences. Therefore, Plaintiff's Motion to Extend Time is denied.

*Plaintiff's Motion for Reconsideration*

The court denies Plaintiff's Motion for Reconsideration for similar reasons. Plaintiff's counsel filed the Motion pursuant to Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure, which, respectively, authorize a court to relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6); Pl.'s Mot. for Recons. at 1–2. Plaintiff's counsel has not satisfied either standard.

Plaintiff's counsel's overarching argument is that the court lacked the authority to grant Local 689's Fees Motion pursuant to Local Civil Rule 7(b). That rule permits the court to treat a motion as conceded if the non-moving party files an untimely opposition. *See* LCvR 7(b). Plaintiff's counsel cites the Supreme Court's decision in *Roadway Express Inc. v. Piper*, 447 U.S. 752 (1980), for the proposition that, before imposing a fee award as a sanction, a court must find

4

that counsel acted in bad faith. Pl.'s Mot. for Recons. at 3. He argues that the court did not make the requisite finding of bad faith before imposing the fee award *against him. Id.* He is wrong. The court's finding of bad faith is clear from the court's Fees Order. *See* Fees Order at 1–2. In that Order, the court fixed the final fees award and, citing *Railway Express*, held that "for the reasons set forth in the court's Memorandum Opinion and Order, Plaintiff's counsel acted in bad faith during this litigation and imposes the attorney's fees and costs award against Plaintiff's counsel." *Id.* The reasons for the bad faith finding to which the court referred—as detailed in the Memorandum Opinion, *see* Fees Mem. Op. at 2 & n.1—were Plaintiff's counsel's repeated missing of deadlines throughout the course of litigation. Because the court did make a finding of bad faith, the court committed no error in imposing the fees award against him.

Plaintiff's counsel's explanation for why he did not oppose Local 689's summary judgment motion supplies yet another reason for the finding of bad faith. Counsel admits that "I determined that Mr. Rodger's [sic] legal position in this case could not be well defended against Defendants' motions for summary judgment. . . . In summary, *I discovered in discovery* that we could not prove those facts which [Plaintiff] sincerely believed he knew and communicated to me as the factual bases of the Complaint." Pl.'s Mot. to Extend Time at 3 (emphasis added). That admission is stunning. Even though he now concedes that he "discovered in discovery" that he could not prove his case, Plaintiff's counsel nevertheless joined with Defendants' counsel in proposing a summary judgment briefing schedule, including a date for an opposition brief. Joint Proposed Revised Briefing Schedule, ECF No. 37.[2] Why on earth would counsel consent to a summary

---

[2] During a telephone conference held on April 21, 2016, the court ordered the parties jointly to propose a summary judgment briefing schedule by April 28, 2016. Minute Order, Apr. 21, 2016. The parties did so, and Plaintiff took no additional discovery after that date from Local 689. *See* Mem. Op., ECF No. 43, at 6.

judgment schedule if he already had concluded that he had no basis to oppose Defendants' motions? Plaintiff's counsel offers no explanation.

Even if counsel's claimed "eureka" moment somehow occurred after he jointly proposed a briefing schedule, at no point did Plaintiff's counsel communicate to Defendants' counsel that he had no case. That failure was not for want of opportunity. By Minute Order dated April 21, 2016, the court allowed Plaintiff to depose a limited number of witnesses of Defendant WMATA. *See* Minute Order, Apr. 21, 2016. Plaintiff's counsel took, at most, one deposition of a WMATA supervisor. *See* Mem. Op., ECF No. 43, at 6; Def. Local 689's Mot. for Att'y's Fees, ECF No. 45, at 7–8. Defendants' summary judgment briefs were due on June 29, 2016, approximately four weeks after the close of fact discovery. *See* Minute Order, Apr. 29, 2016. Plaintiff's counsel therefore had nearly a month, at the very least, to notify Defendants' counsel that he would not oppose their motions. Yet, he remained silent, forcing both Defendants to incur the needless and avoidable expense of summary judgment briefing. Such behavior by a member of this District Court bar is unacceptable. It is unquestionably bad faith. Indeed, Plaintiff's counsel should consider himself fortunate that the court has taken no action against him other than imposing a monetary sanction.

Plaintiff's counsel advances a second reason to relieve him from payment of the fees award. He asserts that courts in this jurisdiction have relied on Local Rule 7(b) to grant a fees motion as conceded only when a party files no opposition at all, as opposed to a late-filed opposition, which he argues renders this court's reliance on Rule 7(b) improper. Pl.'s Mot. for Recons. at 3–6. That argument, too, is unavailing. As Plaintiff's counsel concedes, Local Rule 7(b) makes no distinction between when a party files an opposition late or not at all. The decision whether to treat an unopposed motion as conceded lies within the court's sound discretion. *See Cohen*, 819

6

F.3d at 480. Here, the court had had enough of Plaintiff's counsel's repeated flouting of deadlines. Therefore, it deemed this the unusual case in which it would be appropriate to treat a fees motion as conceded, notwithstanding a late-filed opposition. Accordingly, the Motion for Reconsideration is denied.

*Reduction in the Total Fees and Costs Award*

The court granted in full Local 689's fees award request of $16,490. Fees Order at 1–2.[3] That was error. In its recent decision in *Goodyear Tire*, the Supreme Court held that, when a court orders the payment of the other side's legal fees as a sanction for bad-faith conduct, "such an order is limited to the fees the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have incurred but for the bad faith." 137 S. Ct. at 1184. Thus, there must be a "causal link" "between the litigant's misbehavior and legal fees paid by the opposing party." *Id.* at 1186. "The court's fundamental job is to determine whether a given legal fee . . . would or would not have been incurred in the absence of the sanctioned conduct." *Id.* at 1187.

When fixing the fees award in this case, the court did not undertake that inquiry. Instead, it granted Local 689 the full amount of attorney's fees it incurred from the inception of the case. Such an award would have been defensible if the court had found, or were now to find, that Plaintiff and his counsel's initiation of the case itself constituted bad faith, such "that every cost of defense is attributable only to sanctioned behavior." *Id.* at 1188. The court cannot, however, make such a sweeping finding. Although the court entered summary judgment in favor of Local 689, the record contains no compelling facts from which to conclude that Plaintiff and his counsel brought the lawsuit in bad faith or that, from the start, the claims made against Local 689 were frivolous. The

---

[3] That total should have been higher. The court mistakenly excluded the costs award from the final Fees Order. *See* Fees Order at 1–2.

court takes Plaintiff's counsel at his word when he says that "I discovered in discovery that we could not prove [the] facts which [my client] . . . believed he knew and communicated to me as the factual bases for the Complaint, *which I believed at the time to be true*." Pl.'s Mot. to Extend Time at 3 (emphasis added).

That determination does not mean that Plaintiff's counsel is fully relieved from payment of attorney's fees. As the court already has made clear, Plaintiff's counsel's repeated missing of deadlines in this case rose to the level of bad-faith conduct. Yet, with one exception, the court can discern no actual costs incurred by Local 689 as a result of that behavior. The sole exception is that Local 689 was forced to respond to a motion filed by Plaintiff's counsel that sought to reverse the court's award of expenses incurred by Local 689 when Plaintiff's counsel failed to appear for a deposition that he had noticed. *See* Order, ECF No. 33; Pl.'s Mot. for Recons. of Order on Mot. for Sanctions, ECF No. 34; Local 689's Opp'n to Pl.'s Mot. for Recons., ECF No. 36. Plaintiff's counsel did not file an opposition to Local 689's motion for expenses, but he then filed a Motion for Reconsideration of the court's award. Local 689 thus was compelled to respond to a motion for reconsideration that Plaintiff's counsel filed only because he had missed the opposition deadline. The court therefore will award Local 689 attorney's fees for the time expended in drafting its Opposition to the Motion for Reconsideration.

The court also will award Local 689 the attorney's fees and costs arising from the preparation of its summary judgment motion. As discussed above, it was bad faith for Plaintiff's counsel's not to notify Local 689's counsel that he had "discovered in discovery" that he could not prove his case *before* defense counsel commenced drafting Local 689's motion for summary judgment. As a result of that failure, Local 689 incurred the unnecessary expense of its counsel drafting a summary judgment motion, which Plaintiff's counsel now admits he had no intention of

8

opposing. Accordingly, the court will award Local 689 attorney's fees and costs associated with the drafting of that motion.

The court has re-reviewed the billing records submitted by Plaintiff's counsel and, for the reasons explained above, will adjust the attorney's fees award downward to $5,890 (which includes the $490 expense award that remains unpaid). The court arrived at that amount based on the following summaries of Plaintiff's counsel's time records:

Summary of work done by Brian Connolly

| 4/8/16–4/14/16 | 9 hours | Began to draft motion for Summary Judgment | $1,080.00 |
| 4/22/16–4/25/16 | 5 hours | Drafted and filed opposition to Plaintiff's motion to reconsider | $600.00 |
| 6/15/16–6/29/16 | 27 hours | Drafted and filed Motion for Summary Judgment | $3,240.00 |

Summary of work done by Douglas Taylor

| 6/21/16 | 1.5 hours | Reviewed and helped draft motion for summary judgment | $480.00 |

Def. Local 689's Detailed Summ., ECF No. 48, at 3–4.

In addition, the court will award $1,451.35 for the costs of the deposition transcripts that counsel ordered in anticipation of briefing summary judgment. *See id.* at 5. Accordingly, the final fees and costs award will equal $7,341.35.

A separate final order denying Plaintiff's Motions and revising the attorney's fees and costs award accompanies this Memorandum Opinion.

Dated: May 1, 2017

Amit P. Mehta
United States District Judge